NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE VILLALPANDO-ROSALES, AKA Jose Armando Rosales, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.17-71028 <br><br> Agency No. A205-319-297 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
Pasadena, California

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Jose Villalpando-Rosales, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals (BIA) affirming the

denial by an immigration judge (IJ) of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's determination that Petitioner was ineligible for asylum and withholding of removal because the evidence fails to establish a nexus to a protected ground. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). The IJ found Petitioner credible and took into account testimony regarding gang activity and violent incidents involving other people in Mexico, including Petitioner's brother. The IJ, however, noted that Petitioner did know anything about who committed these crimes and for what reason, and that no physical harm had come to Petitioner himself. The record does not compel the conclusion that Petitioner's family membership is "a central reason" or even "a reason" that Petitioner would be targeted for persecution, *id*. (internal quotation marks and citations omitted), and his fear of general violence in Mexico bears no nexus to a protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Furthermore, Petitioner has not shown that the BIA erred in concluding that his proposed particular social groups were not cognizable. *See, e.g., Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010). To the extent that Petitioner contends he belongs to a social group defined as individuals "who refused to join gang members," we decline to consider this argument because he did not exhaust this social group before the agency. *See Suate-Orellana v.*

*Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

2. Substantial evidence also supports the BIA's determination that Petitioner is not entitled to relief under CAT.  *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).  As the BIA explained, the record does not establish that Petitioner experienced torture in the past, and his fear of future torture is speculative.

**PETITION DENIED**.[1]

---

[1] The motion for a stay of removal (Docket Entry 1) is denied.